UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TINA MARIE BEATTY,<br><br>  Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>  Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:16-cv-00189<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT
AND THE TELEPHONE CONSUMER PROTECTION ACT

NOW comes TINA MARIE BEATTY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of the conduct of ENHANCED RECOVERY COMPANY, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA) under 15 U.S.C. §1692, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 50 year old natural person residing at 706 Dellinger Drive, Jeffersonville, Indiana, which lies within the Southern District of Indiana.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

7. Defendant's mission states, "We strive to provide first class technology solutions that empower consumers to manage their accounts online, without the pressure of collection calls. It is our goal to provide a user-friendly experience that facilitate the compliant and amicable resolution of debt."[1] With a principal office located at 8014 Bayberry Road, Jacksonville, Florida, Defendant is in the business of collecting consumer debts for others throughout the country, including in Indiana.

8. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA.

9. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] https://pay.ercbpo.com/app/default.aspx

## FACTS SUPPORTING CAUSES OF ACTION

11. In approximately August 2016, Plaintiff started receiving phone calls to her cellular phone, (812) XXX-5329, from Defendant. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of cellular phone ending in 5329. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. The phone number that Defendant most often uses to call Plaintiff from is (800) 497-8154. *See* Exhibit A.

14. Upon information and belief, the phone number ending in 8154 is regularly utilized by Defendant during its debt collection practices against consumers in Indiana.

15. When Plaintiff answers calls from Defendant, she is often greeted with a recorded message. *Id.*

16. During other calls, she experiences a noticeable pause, approximately five second in length, before a live representative begins speaking. *Id.*

17. Defendant has advised Plaintiff that it was acting as a debt collector and was calling her for the purpose of collecting on debt. *Id.*

18. Upon information and belief, Defendant is contacting Plaintiff seeking payment of a consumer obligation that she defaulted on. *Id.*

19. On several occasions, Plaintiff informed Defendant that she could not make payment and demanded that it cease calling. *Id.*

20. Despite Plaintiff's requests, Defendant has continued calling her cellular phone. *Id.*

21. For reference, from August 15, 2016 until September 28, 2016, Defendant called Plaintiff's cellular phone not less than seventeen times. *Id.*

22. In total, Defendant has called Plaintiff not less than 30 times after she told it to stop. *Id.*

23. Plaintiff never gave Defendant permission to call her cellular phone. *Id.*

24. Defendant's calls have had a negative impact on Plaintiff's employment as a housekeeper at an apartment complex. She has been reprimanded for receiving calls from Defendant while at work. *Id.*

25. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

26. Plaintiff has expended money purchasing an application on her cellular phone to block Defendant's calls. However, the communications have continued. *Id.*

27. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

28. Plaintiff has suffered financial loss as a result of Defendant's conduct.

29. Plaintiff has been unfairly harassed by Defendant's actions. *Id.*

30. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. The FDCPA states:

> "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known to be inconvenient to the consumer." 15 U.S.C. §1692c(a)(1).

4

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §§1692d and d(5).

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."
> 15 U.S.C. §§1692e and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

33. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(10) and f through its communications and actions towards Plaintiff. Armed with the desire to secure payment from Plaintiff on defaulted consumer debt, Defendant engaged in a purposeful and systematic operation to unfairly harass and mislead her. Through a concentrated automated calling campaign, Defendant placed a litany of calls to Plaintiff's cellular phone. Despite informing Defendant that she desired for the calls to cease, it has continued to contact Plaintiff. This conduct by Defendant served to frustrate and harass Plaintiff.

34. In continuing to call Plaintiff, Defendant falsely represented that it had the ability to contact her through means of an automated system. The conglomeration of calls as well as Defendant's conduct on the same, naturally served to harass and confuse Plaintiff. Defendant engaged in conduct it knew would be harassing to Plaintiff with the hopes that it would result in payment. Defendant acted in clear defiance of its purported mission statement by using collection calls in its handling of Plaintiff's account.

5

35. As plead in paragraphs 24 through 30, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, TINA MARIE BEATTY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

38. Defendant used an ATDS in connection with its collection communications directed towards Plaintiff. The approximately five second pause that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is indicative of an ATDS. Similarly, during some answered by Plaintiff, Defendant would first play a recorded

message.  The frequency and nature of Defendant's calls strongly suggests that a predictive ATDS was used to generate the communications.

39.   Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent.  Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked. Plaintiff made numerous demands to Defendant to cease contacting her.

40.   The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

41.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, TINA MARIE BEATTY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

42.   Plaintiff repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

7

43. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection attempts towards Plaintiff.

44. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

45. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

46. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

47. Defendant's collection calls and actions towards Plaintiff are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

48. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic harassment, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff to stop contacting her. However, Defendant ignored these prompts in an abusive attempt to procure payment from Plaintiff.

49. Placing numerous calls after being told to stop was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly in direct contradiction to its mission statement.

50. In violating the TCPA, Defendant engaged in illegal behavior during its communications towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior.

The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

51. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

52. Plaintiff made a good-faith attempt to correct Defendant's incurable deceptive acts by demanding that it cease contacting her.

53. Defendant's actions are against public policy and routinely subject consumers to unwanted harassment.

54. As pled in paragraphs 24 through 30, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, TINA MARIE BEATTY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 27, 2016                    Respectfully submitted,

                                           s/ Nathan C. Volheim
                                           Nathan C. Volheim, Esq. #6302103
                                           Counsel for Plaintiff

9

                              Admitted in the Southern District of Indiana
                              Sulaiman Law Group, Ltd.
                              900 Jorie Boulevard, Suite 150
                              Oak Brook, Illinois 60523
                              (630) 575-8181 x113 (phone)
                              (630) 575-8188 (fax)
                              nvolheim@sulaimanlaw.com